UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEWEY AUSTIN BARNETT, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-CV-00167 JMB |
| | ) |
| BLAKE HILL, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Dewey Barnett, II, an inmate at Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee. [ECF No. 2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Dewey Barnett, II, an inmate at SECC, brings this prisoner civil rights claim under 42 U.S.C. § 1983 against Blake Hill and Rachel Bates, as well as their law firm, Hellmich, Hill & Retter, LLC. He asserts that defendants committed fraud when they "entered their appearance acting under color of law" in *Barnett v. Short, et al.,* No. 4:22-cv-00708 SEP (E.D.Mo.). He asserts that they committed libel and slander by hindering plaintiff's access to courts and deprived his right to due process by entering their appearance on behalf of *defendants* in that case. Plaintiff believes that somehow, representing the other side in a civil lawsuit somehow hinders his civil rights. He therefore seeks damages and injunctive relief in this action. He requests that defendants be "reprimanded for unconstitutional behaviors."

The Court finds that plaintiff's allegations are delusional and "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court therefore

deems plaintiff's complaint "frivolous" because it "lacks an arguable basis … in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Section 1915 requires this Court to "dismiss the case at any time if the [C]ourt determines that ... the action ... is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, considering its frivolity determination, the Court dismisses this case with prejudice, as the defects in the complaint cannot be remedied through more specific pleading. For the same reasons the Court deems plaintiff's complaint frivolous, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court therefore certifies that an appeal would not be taken in good faith. See id.; 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of October, 2025.

                                          HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE